IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JUSTIN GOTTFRIED, | Case No. 6:25-cv-02329-MC |
| Plaintiff, | ORDER |
| vs. | |
| KEYSTONE PROPERTY MANAGEMENT, LLC; LANE COUNTY SHERIFF'S OFFICE; LANE COUNTY SHERIFF'S DEPUTIES DOES 1–10; OREGON CIRCUIT COURT JUDGES DOES 11–12; CITY OF EUGENE; EUGENE POLICE DEPARTMENT; and EUGENE POLICE DEPARTMENT OFFICERS DOES 13–15, | |
| Defendants. | |

_____

MCSHANE, J.:

Self-represented Plaintiff Justin Gottfried brings several claims against Defendants stemming from an allegation that he was unlawfully removed from his residence and separated from his property.[1] Plaintiff's claims arise under 42 U.S.C. §§ 1983 and 1985; Oregon Revised Statutes (ORS) § 90.375 for unlawful eviction; and Oregon common law. Plaintiff seeks leave to proceed *in forma pauperis*. Plaintiff's request to proceed *in forma pauperis*, ECF No. 2, is

---

[1] Plaintiff brings different combinations of claims against Defendants Keystone Property Management, LLC; Lane County Sheriff's Office ("LCSO"); Lane County Sheriff's Deputies Does 1–10 ("LCSO Deputies Does 1–10"); Oregon Circuit Court Judges Does 11–12; City Of Eugene; Eugene Police Department ("EPD"); and EPD Officers Does 13–15.

1 – OPINION AND ORDER

GRANTED. The Complaint, ECF No. 1, is subject to dismissal in part with leave to amend pursuant to 28 U.S.C. § 1915(e)(2)(B).

## SUMMARY OF FACTUAL ALLEGATIONS

Plaintiff resided at 3580 Hilyard Street in Eugene, Oregon. Compl. 4, ECF No. 1. Plaintiff alleges that on November 25, 2025, more than five Lane County Sheriff's Office ("LCSO") Deputies and three other non-officer individuals forcibly entered his home. *Id.*; Compl. Ex. 1-1, at 2. Plaintiff alleges the Defendant LCSO Deputies did not present any paperwork authorizing entry or eviction but proceeded to forcibly remove and trespass him from the residence. Compl. 4–5. Plaintiff alleges Defendant LCSO Deputies prevented him from retrieving his belongings from inside his house; his personal items were never returned to him. *Id.* at 5.

After the incident, Plaintiff attempted to file a police report with Defendant Eugene Police Department ("EPD") regarding Defendant LCSO Deputies' actions. *Id*. Plaintiff alleges Defendant EPD refused to accept the report and suggested Plaintiff instead file one with LCSO. *Id*.

Plaintiff alleges Defendant Keystone Property Management, LLC ("Keystone") initiated the incident without first obtaining a court order or providing him notice of the eviction. *Id*. Finally, he alleges that Defendants Circuit Court Judges "issued, authorized, or failed to supervise actions taken without notice, service, or a hearing." *Id*.

## LEGAL STANDARD

This Court has discretion whether to grant *in forma pauperis* status. *See O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). To qualify for *in forma pauperis* status, a civil litigant must demonstrate that the litigant is unable to pay court fees. 28 U.S.C. § 1915(a)(1); *O'Loughlin*, 920 F.2d at 617. A Court must also assess whether the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune.

2 – OPINION AND ORDER

28 U.S.C. § 1915(e)(2)(B).

When screening a complaint for failure to state a claim according to § 1915(e)(2)(B), the Court applies the same standard it applies to a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive a motion to dismiss under the federal pleading standards, the complaint must include a short and plain statement of the claim and "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully;" factual allegations must rise "above the speculative level." *Id.* (internal citation omitted); *Bell*, 550 U.S. at 545. The Court is not required to accept legal conclusions, unsupported by alleged facts, as true. *Ashcroft*, 556 U.S. at 678.

Defendants immune from claims for monetary relief include judges. *Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001). Judges are absolutely immune for "judicial acts" but not "administrative, legislative or executive functions." *Lund v. Cowan*, 5 F.4th 964, 971 (9th Cir. 2021); *Forrester v. White*, 484 U.S. 219, 227 (1988).

Unless it is "absolutely clear" that leave to amend is futile, a pro se litigant must be given notice of the complaint's deficiencies and an opportunity to cure the deficiencies prior to dismissal of the action. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

## DISCUSSION

The Court is satisfied with Plaintiff's showing of indigency. Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Accordingly, the Court goes on to screen the

Complaint under § 1915(e)(2)(B).

Plaintiff brings six claims against different combinations of Defendants: (1) a Fourth Amendment violation under 42 U.S.C. § 1983; (2) a Fourteenth Amendment violation under § 1983; (3) conspiracy under 42 U.S.C. § 1985; (4) denial of access to courts under § 1983; (5) unlawful eviction under ORS § 90.735; and (6) conversion under Oregon state law. Because Plaintiff fails to plead sufficient factual allegations for multiple claims against numerous Defendants, his Complaint is partially subject to dismissal.

I.     **Fourth Amendment Violation Under § 1983**

Plaintiff brings his first § 1983 claim against Defendants LCSO and LCSO Deputies Does 1–10. Compl. 6. He alleges these Defendants unreasonably seized him and removed him from his home without lawful authority. *Id*. Plaintiff alleges sufficient facts against Defendant LCSO Deputies Does 1–10 but not LCSO.

To bring a § 1983 claim against individuals, a plaintiff must allege "the violation of a right secured by the Constitution and laws of the United States, and show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Liberally construing the Complaint, Plaintiff's § 1983 allegations against Defendant LCSO Deputies Does 1–10 appear minimally sufficient to survive screening.

However, a government entity may only be held liable under § 1983 if it has a policy, practice, or custom that is a moving force behind a violation of constitutional rights. *Monell v. Dep't of Soc. Servs. of the City of New York*, 436 U.S. 658, 694 (1978). To state a *Monell* claim, a plaintiff must allege "(1) that [the plaintiff] possessed a constitutional right of which he was deprived; (2) that the municipality had a policy, custom, or practice; (3) that this policy, custom, or practice amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy, custom, or practice is the moving force behind the constitutional violation." *Plumeau*

4 – OPINION AND ORDER

*v. Sch. Dist. No. 40 Cnty. Of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Because Plaintiff does not allege any facts related to a custom, policy, or practice by Defendant LCSO, his Fourth Amendment § 1983 claim against LCSO is subject to dismissal.

## II. Fourteenth Amendment Violation Under § 1983

Plaintiff also raises a § 1983 claim against "All Government Defendants" for violating his Fourteenth Amendment right to procedural due process.[2] He alleges that he had a property interest in his residence and personal belongings, and Defendants seized both from him without sufficient process. Compl. 6–7. A claim under § 1983 based on procedural due process has three elements: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process." *Portman v. County of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993).

At this stage, Plaintiff has adequately alleged facts to sustain his claim against Defendants LCSO Deputies Does 1–10 for violating his Fourteenth Amendment right to his personal belongings.

However, as previously discussed, Plaintiff does not allege facts pertaining to a custom, policy, or practice by any government entity. Resultantly, his Fourteenth Amendment § 1983 claim against Defendants EPD, LCSO, and City of Eugene is subject to dismissal. Moreover, because Plaintiff does not offer facts that plausibly allege Defendant EPD Officers Does 13–15 deprived him of any protected interest, his claim against them is subject to dismissal as well.

Finally, Plaintiff alleges that "a Circuit Court judge may have issued, authorized, or failed to supervise actions taken without notice, service, or a hearing." *Id*. Judges are absolutely immune from lawsuits based on judicial acts taken within the jurisdictions of the courts. *Stump v. Sparkman*,

---

[2] This Court liberally understands Plaintiff as bringing this claim against all Defendants except Keystone.

5 – OPINION AND ORDER

435 U.S. 349, 356–357 (1987). Because Plaintiff does not factually allege judges acted outside the scope of the jurisdiction of their courts, his claim against Defendants Circuit Court Judges Does 11–12 is subject to dismissal as well.

### III.     Conspiracy Under § 1985

Plaintiff next brings a conspiracy to "Violate Civil Rights" claim under 42 U.S.C. § 1985(3) against Defendants LCSO, Keystone, and "DOE Defendants[.]" Compl. 7.

To establish a claim under § 1985(3), a plaintiff must show "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the law; and (3) an act in furtherance of this conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Sever v. Alaska Pulp Corp.*, 978 F.2d 1529, 1536 (9th Cir. 1992). Section 1985(3) reaches conspiracies intended against racial groups or non-racial classes designated as suspect or quasi-suspect classifications. *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005).

Because Plaintiff has not alleged that he is a member of a racial group or an otherwise protected class, nor alleged any facts plausibly demonstrating Defendants acted in furtherance of a conspiracy, his § 1985(3) claim is subject to dismissal.

### IV.     Denial of Access to Courts Under § 1983

Plaintiff brings his final § 1983 claim against Defendants City of Eugene, EPD, and EPD Officers Does 13–15. He alleges these Defendants denied him access to courts by "refusing to accept [his] police report[.]" Compl. 7. He alleges this denial violated his rights under the First and Fourteenth Amendments.

To state a denial of access to courts claim under § 1983, a plaintiff must allege he "suffered

actual injury to 'contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim.'" *Walker v. Pete*, 76 Fed. Appx. 186, 187 (9th Cir. 2003) (quoting *Lewis v. Casey*, 518 U.S. 343, 351 (1996)). Attached to Plaintiff's Complaint is a report about the November 25, 2025, incident that he submitted to EPD. *See* Compl. Ex. 1. Because Plaintiff fails to plausibly allege that he suffered actual injury by being unable to submit a police report, or how his access to courts was denied, his § 1983 claim against Defendants City of Eugene, EPD, and EPD Officers Does 13–15 is subject to dismissal.

### V.     Unlawful Eviction Under ORS § 90.375

Plaintiff brings a claim of unlawful eviction against Defendants Keystone and LCSO. Compl. 7. ORS § 90.375 provides remedies for tenants against landlords for unlawful eviction. *See Holt v. Nicoletti*, 575 P.3d 209, 210-11 (Or. Ct. App. 2025) (implying liability was predicated on owners' status as "landlords"). Because Defendant LCSO was not Plaintiff's landlord, the claim against LCSO is subject to dismissal.

The claim against Keystone is also subject to dismissal. A district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). In deciding whether to exercise supplemental jurisdiction over state law claims, the Court considers values of "[j]udicial economy, convenience, fairness, and comity." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). A state court is likely a fair and convenient venue for Plaintiff to litigate this claim. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law." *Id*. Because the only claim against Defendant Keystone over which this Court has original jurisdiction is subject to dismissal, this Court declines to exercise supplemental jurisdiction over this state law claim against Keystone.

7 – OPINION AND ORDER

## VI. Conversion

Finally, Plaintiff brings a claim of conversion and trespass to chattels under Oregon law against "All Non-immune Defendants[.]" *Id*. at 8. This Court liberally understands this claim to be against all Defendants except Circuit Court Judges Does 11–12. Plaintiff only presents factual allegations that suggest Defendant LCSO Deputies Does 1–10 ever had possession of his personal belongings. *Id*. at 5. Because Plaintiff does not allege facts related to any other Defendant possessing his belongings, his claim is subject to dismissal for all Defendants except LCSO Deputies Does 1–10.

## CONCLUSION

Plaintiff's petition to proceed *in forma pauperis* (ECF No. 2) is GRANTED. Upon screening the Complaint, Plaintiff's Complaint appears partially subject to dismissal. Because Plaintiff is self-represented and his pleadings have not previously been dismissed in this case, dismissal is with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order to file an amended complaint correcting the deficiencies identified in this Order. Plaintiff may alternatively inform the Court of his intention to proceed only as to his claims that survive screening as identified in this Order.

IT IS SO ORDERED.

DATED this 10th day of February 2026.

                                              /s/ Michael McShane
                                                Michael McShane
                                        United States District Judge