IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JUSTIN GOTTFRIED,

Plaintiff,

v.

KEYSTONE PROPERTY MANAGEMENT, LLC et al.,

Defendants.

Case No. 6:25-cv-02329-MC

OPINION AND ORDER

MCSHANE, Judge:

Plaintiff, Justin Gottfried, proceeding *pro se* and *in forma pauperis*, files this civil rights action under 42 U.S.C. § 1983. Plaintiff alleges violations of his Fourth and Fourteenth Amendment rights during an eviction from his former residence. Plaintiff presents two causes of action: (1) a Fourth Amendment violation for unreasonable seizure of his person, and (2) a Fourteenth Amendment violation for deprivation of property without due process.

Defendant Lane County Sheriff's Office moves to dismiss Plaintiff's complaint for failure to state a claim upon which relief can be granted. Defendant's Motion to Dismiss [20] is GRANTED. Plaintiff's claims are dismissed with prejudice and without leave to amend.

## **LEGAL STANDARD**

To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007). A claim is plausible on its face when the "factual content" allows the court to reasonably infer that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). When considering a motion to dismiss, the court must accept all factual allegations as true and construe the alleged facts in the light most favorable to the non-movant. *Burgert v. Lokelani Bernice Pauahi Bishop Tr.*, 200 F.3d 661, 663 (9th Cir. 2000). This, however, does not bind the court "to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555.

Dismissal of a pro se complaint for failure to state a claim "is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). The Court must construe pro se pleadings liberally and afford the plaintiff "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). "Unless it is absolutely clear that no amendment can cure" defects in the complaint, "a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).

## FACTUAL ALLEGATIONS AND JUDICIAL NOTICE

As a preliminary matter, when reviewing motions to dismiss for failure to state a claim, a court may take judicial notice of "matters of public record" and need not accept "as true [those] allegations that contradict matters properly subject to judicial notice." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); *U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Bryant v. Carleson,* 444 F.2d 353, 357 (9th Cir. 1971). And, by doing so, the Court operates within an exception to the general rule that its consideration of matters outside the pleading would convert a 12(b)(6) motion into a motion for

summary judgement. Fed. R. Civ. P. 12(b); *Lee v. City of Los Angeles*, 250 F.3d 668, 669 (9th Cir. 2001).

Today, the Court finds the facts in the public record beyond reasonable dispute and reviews Plaintiff's factual allegations[1] for plausibility in light of their contradictions with facts "accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201; *Lee v. City of Los Angeles*, 250 F.3d 668, 688–90 (9th Cir. 2001) (noting that judicial notice may be taken of public records); *Harris v. County of Orange*, 682 F.3d 1126, 1132 (9th Cir. 2012) (explaining that the Court may take judicial notice of facts in the public record so long as the facts contained are not subject to reasonable dispute).

While responding to Defendant's Motion, even Plaintiff acknowledges and accepts several matters in the public record that run counter to his Complaint. Pl.'s Response, at 4, ECF No. 22 ("Plaintiff does not object to the Court recognizing the existence of [the state-court eviction] public records").

## I. <u>Factual Background from the Public Record</u>

This Court takes judicial notice of the following facts—documented as matters of public record in *Keystone Real Estate v. Breaunna Powell, et al.,* Lane County Circuit Court Case No. 25LT22184.

On September 29, 2025, Keystone Real Estate filed a residential eviction complaint Estate against "Breaunna Powell" and "All Others" in the Lane County Circuit Court for a property listed at 3580 Hilyard Street, Eugene, Oregon ("Dwelling"). Thiel Decl. Ex. 1, ECF No. 21. On

[1] The Court, recognizing that Plaintiff's handwritten alterations to the Second Amended Complaint (ECF No. 13) solely sought to cure the omission of an obvious defendant, accepted ECF No. 17 (also titled "Second Amended Complaint") as the operative complaint. ECF No. 30.

September 30, 2025, a process server securely attached the corresponding summons and complaint to the main entrance of the Dwelling. Thiel Decl. Ex. 2.

On November 6, 2025, the state court held a hearing on the case. Thiel Decl. Ex. 3. Only the plaintiff, Keystone Real Estate, appeared for the hearing. *Id.*

On November 13, 2025, a state judge signed a Landlord Tenant Judgment of Eviction and Money Award order, granting possession of the Dwelling to Keystone Real Estate. *Id.* Later that day, a Notice of Entry of Judgment was mailed to "Breaunna Powell" and "All Others" at the Dwelling's address, and a Notice of Restitution was filed and posted on the main entrance of the premises—providing a November 18, 2025, move-out date. Thiel Decl. Ex. 4–6. The Notice of Restitution stated:

> "The Court has ordered you to move out of the property. You must move out no later than 11:59 p.m. on the Move Out Date. If you and everyone else living at the address do not move out by that time, the *Sheriff will physically remove you*. You must also *move out all of your belongings* by that time. *Anything you leave behind will be stored or disposed of as allowed by law*."

Thiel Decl. Ex. 5 (emphasis added).

On November 19, 2025, the state court issued a writ of execution, ordering the Lane County Sheriff to "enter the premises and remove the defendant and any other individual present on the premises who is subject to the judgment." Thiel Decl. Ex. 7.

On November 25, 2025, Deputy Jason Guilford, served Breaunna Powell and "All Others" at the Dwelling a copy of the writ of execution of the no trespass eviction. Thiel Decl. Ex. 8.

## II. <u>Factual Allegations</u>

Plaintiff's factual allegations of the events—excepting those contradicting the public record—are as follows.

In April 2025, Plaintiff became an authorized tenant and lawful resident of the Dwelling. Pl.'s Second Am. Compl. ¶ 3, ECF No. 17 ("SAC"). On November 25, 2025, Plaintiff was forcibly removed from the Dwelling. SAC ¶ 11. During his removal, deputies informed Plaintiff that he may be arrested or found in trespass if he did not comply with deputies' directions. SAC ¶ 10. Plaintiff was further informed that he could not return into the Dwelling and retrieve his belongings from inside. SAC ¶ 12–13. A third party removed and retained Plaintiff's personal property, including all clothing, personal and legal documents, furniture, and other items. SAC ¶ 15. Plaintiff was deprived of all his belongings and denied any opportunity to recover. SAC ¶ 17.

**DISCUSSION**

To state a civil rights claim under § 1983, a plaintiff must allege that 1) a person acting under color of law 2) deprived him of a federal constitutional right. 42 U.S.C. § 1983; *Stein v. Ryan*, 662 F.3d 1114, 1118 (9th Cir. 2011). And, when seeking to establish a § 1983 claim for municipal liability, a plaintiff must also demonstrate that the deprivation of their federal right is attributable to the enforcement of a municipal policy, practice, or decision by a final municipal policymaker. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 698 (1978); *Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1232–33 (9th Cir. 2011); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997). Standing alone, a respondeat superior theory is insufficient to hold a municipality liable for the unconstitutional acts of its employees. *Hunter*, 652 F.3d at 1232–33.

Here, Plaintiff fails to allege that he suffered constitutional deprivations because of an official policy or a long-standing practice or custom of the Lane County Sheriff's Office. *See Castro v. County of Los Angeles*, 833 F.3d 1060, 1073-76 (9th Cir. 2016) (en banc). Accordingly, the claims against Lane County Sheriff's Office are dismissed.

Consequently, two § 1983 claims against five Lane County sheriff deputies ("Defendant Deputies") remain: (1) a Fourth Amendment violation for unreasonable seizure of Plaintiff's person, and (2) a Fourteenth Amendment violation for deprivation of property without due process. Both are dismissed because Plaintiff fails to allege facts sufficient to support a cognizable claim under either theory.

**I. <u>Failure to State a Fourth Amendment Claim</u>**

Plaintiff alleges that Defendant Deputies violated his Fourth Amendment right to be free from unreasonable searches and seizures during his removal from the Dwelling. SAC ¶19.

Under the Fourth Amendment, a person is protected from unreasonable government intrusion where they have a subjective expectation of privacy and society accepts that expectation of privacy as reasonable. *See United States v. Shryok*, 342 F.3d 948, 978 (9th Cir. 2003). To state a Fourth Amendment claim, plaintiffs must ultimately present facts sufficient to show that a given search or seizure was "unreasonable." *Brower v. County of Inyo*, 489 U.S. 593, 599 (1989); *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992) (noting that "reasonableness is still the ultimate standard under the Fourth Amendment").

Even in its most liberal construction, the Complaint fails to plead how the Defendant Deputies unreasonably intruded on Plaintiff's constitutional rights.

Here, the Court reasons that Plaintiff—who already received a Notice of Restitution and was a week past the move-out date—had no reasonable expectation of privacy in the Dwelling by the time that deputies knocked down the door to the Dwelling and removed him pursuant to the writ of execution. *Woodward v. City of Tucson*, 870 F.3d 1154, 1160 (9th Cir. 2017) ("One who has been formally evicted has no reasonable expectation of privacy in his or her previous residence."); *Zimmerman v. Bishop Est.*, 25 F.3d 784, 787 (9th Cir. 1994)(concluding that squatters

have no reasonable expectation of privacy); *United States v. Struckman*, 603 F.3d 731, 747 (9th Cir. 2010) (providing that a trespasser cannot claim Fourth Amendment protections); *Klee v. United States*, 53 F.2d 58, 59 (9th Cir. 1931) (providing that trespassers "cannot claim the benefit of the Fourth Amendment").

At most, the Complaint alleges that Defendant Deputies used physical force while evicting Plaintiff, stating that Plaintiff was "physically seized" and "dragged from his bedroom to the sidewalk." However, Plaintiff's allegations lack any further specificity, suggesting the contact was far from the "gratuitous or violent" use of force the Ninth Circuit has generally found to be excessive. *See Hopson v. Alexander*, 71 F.4th 692, 705 (9th Cir. 2023) (explaining how excessive force is often defined by gratuitous or violent force in the context of arrest).

Demonstrating unreasonableness in the Fourth Amendment context is particularly challenging for plaintiffs when officers have acted pursuant to a lawfully obtained court order. *Soldal v. Cook Cnty., Ill.*, 506 U.S. 56, 71 (1992) (noting that a "a showing of unreasonableness on these facts would be a laborious task"). A deputy's act of forcibly removing an evicted tenant from their former residence pursuant to a writ of execution is not intrinsically unreasonable. In fact, the use of "reasonable force" in those circumstances is specifically considered and authorized by Oregon state law. ORS § 105.156 (providing a model writ of execution form that orders a sheriff to "use all reasonable force that may be necessary to enter the premises and remove individuals who are subject to the judgment"). Here, the writ of execution ordering the Lane County Sheriff to evict the Plaintiff authorized the use of reasonable force. Thiel Decl. Ex. 7.

Defendant Deputies evicted Plaintiff pursuant to a writ of execution and Plaintiff does not otherwise identify any unreasonable uses of force. Therefore, the Court has no factual content to

draw any reasonable inference that any deputy may be liable of conduct rising to a Fourth Amendment violation.

## II. Failure to State a Fourteenth Amendment Claim

The Plaintiff alleges that Defendant deprived him of his property without due process. SAC ¶ 29. However, the Complaint contains nothing more than legal conclusions and allegations wholly incongruent with the public record.

Under the Fourteenth Amendment, a due process claim requires a plaintiff to show a "denial of adequate procedural protections." *Tutor-Saliba Corp. v. City of Hailey*, 452 F.3d 1055, 1061 (9th Cir. 2006).

Plaintiff claims that he was not afforded pre- and post- deprivation process regarding his property interest in the Dwelling and his personal belongings. However, the public record tells a different story.

Plaintiff's eviction and the subsequent removal of his personal belongings from the Dwelling were pursuant to a lawfully obtained writ of execution for a no-trespass eviction. ORS §§ 105.100–105.168. Taking judicial notice of the state court proceedings, it would be wrong to say that Plaintiff "possessed [a] constitutionally protected property interest" in the Dwelling, which he claims. SAC ¶ 28. It would also be wrong to say that "no notice [and no hearing] was provided to Plaintiff prior to the deprivation." *Id.* ¶ 30. According to public record, Keystone Real Estate acquired all property interest in the Dwelling on November 13, 2025, pursuant to the Landlord Tenant Judgment of Eviction and Money Award order. Thiel Decl. Ex. 2. According to the public record, Plaintiff also received notice of the residential eviction case on September 30, 2025, missed a hearing in the case on November 6, 2025, and received a notice of restitution for the matter on

November 13, 2025. Thiel Decl. Ex. 3–6. If this is not due process, the Court does not know what is.

Besides, Plaintiff does not direct his claim regarding his personal belongings at the proper parties. Under ORS § 105.165, the landlord is responsible for proper disposition of personal property abandoned by an evicted tenant.[2] And, while the Plaintiff suggests that the Defendants "acted in concert with private parties, including [the landlord] Keystone Management, to deprive Plaintiff of his property without due process," this is a mere recitation of a legal conclusion without any accompanying factual content. Such recitation falls well short of the pleading requirements to attach any liability to the Defendants.

Put plainly, the Complaint is absent of any factual allegations suggesting that the Defendant Deputies deprived Plaintiff of due process.

## CONCLUSION

Plaintiff presents several legal conclusions without supporting facts. At every step in this litigation, the Plaintiff unsuccessfully reframes the Complaint in response to Defendant's arguments. While the Court acknowledges its duties to generously review the filings of self-represented parties, this Court will not entertain Plaintiff's fishing expedition to recast the content and meaning of the Complaint in hopes of finding a possible inroad to a constitutional violation. At this point, considering the number of amended complaints already accepted from Plaintiff, the futility of Plaintiff's efforts is quite clear. Accounting for judicially noticed facts in the public record, the Complaint reads as a far cry from any sort of constitutional violation. The Court

---

[2] In Plaintiff's Response to the Motion to Dismiss, he mentions the untimely return of his property, suggesting it was not permanently retained by the Defendants or the unidentified third party who removed it from the Dwelling. Pl.'s Response, at 4. The Complaint does not identify or address the items deprived, their length of deprivation, or how the process for the items rightful return was inadequate.

GRANTS the Defendant's Motion [20] and dismisses Plaintiff's claims with prejudice and without leave to amend.

IT IS SO ORDERED.

DATED this 14th day of October 2026.

s/Michael J. McShane
Michael J. McShane
United States District Judge